**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-4383**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEVEON ANTONIO BELK,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:22-cr-00655-MGL-1)

———————

Submitted:  September 25, 2025                    Decided:  September 29, 2025

———————

Before GREGORY and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Joshua S. Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, the district court convicted Deveon Antonio Belk of, among other charges, seven counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The district court sentenced Belk to 589 months' imprisonment.  On appeal, Belk argues that the evidence was insufficient to prove beyond a reasonable doubt that he used an actual firearm to commit several armed robberies.  We affirm.

Belk committed seven armed robberies between November 9, 2020, and November 16, 2020.  Video surveillance and testimony of several eyewitness victims, including store managers and other employees, confirmed that Belk brandished a gun during the robberies.  Belk contends that the Government failed to prove that the weapon he carried during the robberies was an actual firearm because none of the eyewitnesses could testify for certain that the gun they saw was a firearm, and a firearms expert testified that he could not conclusively confirm from surveillance images that Belk brandished a firearm.  Belk avers that, absent such proof, the evidence was insufficient to support his § 924(c) convictions.

When reviewing the sufficiency of the evidence presented in a bench trial, we must uphold each guilty verdict so long as substantial evidence supports it.  *United States v. Landersman*, 886 F.3d 393, 406 (4th Cir. 2018).  "Substantial evidence means evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted).  In conducting this review, we construe the evidence in the Government's favor. *Id.*

2

A conviction under § 924(c) requires a showing that a firearm was possessed, brandished, or discharged during a crime of violence. 18 U.S.C. § 924(c)(1)(A). For purposes of § 924(c), a "firearm" is defined as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3). A conviction under § 924(c) can be sustained solely on the strength of testimony of lay witnesses unfamiliar with firearms, and no expert testimony is required. *United States v. McNeal*, 818 F.3d 141, 149 (4th Cir. 2016); *United States v. Jones*, 907 F.2d 456, 460 (4th Cir. 1990).* However, in addition to multiple witnesses who testified that Belk brandished a black and silver gun at close range during the robberies, a black and silver gun is visible in surveillance videos, and its appearance is consistent with a firearm recovered at Belk's residence bearing his DNA. And while the firearms expert's inability to confirm the nature of the gun in the surveillance videos does not lend support to the conclusion that Belk brandished a firearm, neither does it undermine the other evidence provided by the Government. The Government presented enough evidence for a reasonable factfinder to conclude that Belk was guilty of the § 924(c) charges.

---

* Belk contends on appeal that *McNeal* and *Jones* do not control here because the defendants in those cases argued that the Government must provide expert testimony to support a § 924(c) conviction, while he contends that the expert testimony provided by the Government in his case does not support the conclusion that he brandished a firearm. This argument is unavailing, however, because Belk puts the sufficiency of lay witness testimony to support a § 924(c) conviction at issue, which is firmly foreclosed by *McNeal* and *Jones*.

Accordingly, we affirm Belk's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*